UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GLENA PETTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:10-CV-426 |
| | ) | (PHILLIPS/GUYTON) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Judgment On The Pleadings [Doc. 13], and the defendant's Motion For Summary Judgment. [Doc. 15]. Plaintiff Glena Petty ("Petty") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

## BACKGROUND

Plaintiff was 43 years of age when the ALJ issued his decision (Tr. 22). She is a high school graduate (GED), with work experience in the fields of child care and fast food restaurants (Tr.

39). She alleges that she has been disabled since July, 2003, due to chronic neck and back pain (Tr. 610-13)[1].

It is apparent to the Court that the ALJ gave no credibility to the plaintiff's subjective complaints of disabling pain. The ALJ based this on Petty's criminal record, her activities of daily living, and the lack of objective medical findings, such as MRI or x-ray results, which showed a physical basis for the pain (such as a disc problem) (Tr. 20-21).

The ALJ, consistent with this analysis, gave "little weight" to the opinion of Dr. Foster that Petty was completely prevented from working due to intense pain. Instead, the ALJ gave "great weight" to the opinion of state agency examining physician Jeffrey Summers, M.D. Summers reported: "She [Petty] does appear capable of working from a seated position, driving, operating hand/foot controls, performing clerical work, etc., for eight (8) hours in a single workday." (Tr. 463).

Accordingly, the ALJ found a residual functional capacity for sedentary work, with certain restrictions (Tr. 19). Dr. Summers, however, did not sign his report, as required by the regulations. The report appears to bear a signature stamp of Dr. Summers's name. On this point of error the parties agree. The parties disagree, however, as to the effect on this case. Plaintiff argues that remand is required [Docs. 14 and 17]. The Commissioner argues that the ALJ's error in relying on the unsigned Summers report was harmless, because other state agency physicians supported the

---

[1] In June, 2006, Petty testified that she was taking Oxycontin "three times a day" and Oxycodone "about twice a day" for pain (Tr. 612-13). In June, 2008, Petty testified that her neck pain bothered her "more often", but she did not testify as to what kind and how much, pain medication she was taking (Tr. 628). However, the records of Petty's primary care provider, Allen Foster, M.D., a pain management physician, state that in May, 2008, Petty was "maintained on" Oxycontin 80 mg. and Roxicodone 30 mg. (Tr. 544-45).

2

ALJ's findings [Doc. 16]. The threshold issue for the Court to resolve is whether this lack of signature requires remand.

## ANALYSIS AND BASIS FOR REMAND

The Court finds that a remand is appropriate and necessary in this case for two reasons. First, Petty argues that the failure of Dr. Summers to sign his report is a violation of a regulation establishing a procedural right designed to protect the Plaintiff. The Plaintiff cites a 2009 decision of the Eastern District of Tennessee, Cramer v. Astrue, No. 1:08-CV-176, in which Chief District Judge Collier ordered remand. The Court in Cramer stated, "A rubber stamp signature of a medical source or the medical source's signature entered by any other person is not acceptable." The Court in Cramer went on to say: "Thus any use of an unsigned consultative examination report in an unfavorable decision is an error requiring a remand under the rule articulated in Wilson v. Commissioner of Social Security, 378 F.3d 541 (6th Cir. 2004)." Cramer, 2009 U.S. District LEXIS 79802, (E.D.Tenn. July 29, 2009) (Carter, M.J.), adopted at 2009 U.S. District LEXIS 80358 (E.D.Tenn. Sept. 3, 2009) (Collier, J.).

The Commissioner's position is that the ALJ's error in replying on Dr. Summers's unsigned report is harmless [Doc. 16]. The Commissioner argues that the reports of state agency reviewing physicians Moore[2], Miller and Lisella also support the ALJ's RFC.

The Court finds that the Commissioner's position is not well-taken. The ALJ obviously relied on the report of Dr. Summers, not the other physicians, for his RFC, giving the

---

[2]Moore's report also is unsigned.

3

opinions of Summers "great weight". This is understandable, since Summers was an examining physician and the other three (Moore, Miller and Lisella) were reviewing physicians. In fact, the ALJ does not cite to the other three physicians by name, or exhibit, but simply says "State Agency physicians limited the claimant to light work. . ." (Tr. 21).

Moreover, it appears that the "harmless error" argument is not available to the Commissioner in this circumstance. In the Cramer case, supra, Chief District Judge Collier adopted the following as the opinion of the Court:

> Failure to follow the regulations requiring a consultative examiner's signature constitutes error requiring remand. These regulations are expressly designed to protect the claimant by having the medical consultant certify the results that are to become a part of the claimant's record. 20 C.F.R. §§ 404.1519n(e), 414.919n(e). . . the signature requirement exists primarily to safeguard the claimant's rights. Thus, any use of an unsigned consultative examination report in an unfavorable decision is an error requiring a remand. . .

(emphasis added).

Cramer, 2009 U.S. District LEXIS 79802 at p. 11.

The Court can only conclude that this precedent must control in the present case, and accordingly, remand is required.[3] That being said, it is not certain that the record establishes disability, and certain parts of the record are troubling in light of the alleged disability based on pain. For example, the Plaintiff admitted to activities of daily living inconsistent with debilitating pain,

---

[3] Cf. Castle v. Astrue, 2008 WL 56291 (E.D.Tenn.). In this pre-Cramer case, the Court found that the lack of a signature on the report of a consultative examiner did not require remand, because the Plaintiff had "waived" the issue and it was harmless error. In the present case, the Commissioner has waived the "waiver defense" by not asserting it, and moreover, the Court finds that there has been no affirmative waiver by the Plaintiff of the issue.

and she reported that pain medication made her feel better. Also troubling is the fact that the record lacks objective medical test results which would establish a physical condition which would be expected to cause the intense and persistent pain Petty alleges.

It is **RECOMMENDED** that this case be **REMANDED** to the defendant Commissioner for further proceedings consistent with this Report and Recommendation. Specifically, the ALJ should obtain a signature from Dr. Summers, or in the alternative, request a new examination. And if the ALJ intends to rely on the report of Dr. Moore, a signature and/or a new review should be obtained from Dr. Moore, as well. To that end, it is **RECOMMENDED** that the plaintiff's Motion For Judgment On The Pleadings [Doc. 13] be **GRANTED** only for remanding the case as aforesaid. It is also **RECOMMENDED** that the defendant's Motion For Summary Judgment [Doc. 15] be **DENIED**.[4]

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).